No. 20.—WILLIAM R. SMITH, plaintiff in error, *vs.* THE CITY COUNCIL OF ROME, defendant in error.

[1.] A gift of the right of way, is not a gift of the earth and other materials which may exist within the boundary lines of the way, the right of which is given.

[2.] It is almost a matter of course to grant an injunction to stay waste.

Application for injunction. Decision by Judge TRIPPE, at Chambers, 27th June, 1855.

Wm. R. Smith prayed an injunction on the following facts: He was the owner of a parcel of land within the corporate

limits of the City of Rome, upon which lot there is a valuable stone quarry, worth $3.000, upon the bank of Etowah River; also a valuable sand bank, worth $1.000; and the piece of land is also of great value as a residence, viz: $2.500. The Mayor & Council of Rome quarried large quantities of rock from the said land, removed trees therefrom, and thereby caused irreparable injury to the lot. The bill alleged that Rome was a growing city, and that the value of this quarry was increasing rapidly, and would be very great; that a part of the rock is limestone, and will be immensely valuable for burning of lime; that there is also a ferry landing on this lot, which communicates with valuable land on the opposite side of the river, and that the said corporation is destroying the usefulness of the said ferry landing. The bill prayed for an injunction.

The Mayor & Council answered, that upon the application of complainant, they had laid out two streets over his land, and declared the same public streets; that they have only cut down these streets so as to make them level and passable; and in so doing have used the rock for macadamizing some of the streets of the city, and building a few culverts; that the sand bank alluded to, is in the street. The value of the property was admitted, but the damage done denied; and especially, that it was irreparable.

The Court refused the injunction, and this decision is assigned as error.

WRIGHT, for plaintiff in error.

T. W. ALEXANDER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, we assume that the answer is true.

The answer says, in substance, that the complainant gave to the defendant the right to open two public streets through his land; that the defendant, in the exercise of this right,

opened the two streets; that a "high rocky bluff" projects itself a part of the way across the track of one of the streets; that the defendant took from this bluff, at a point within the boundaries of the street, some rock, and used the rock in macadamizing the streets of Rome and in building culverts; and that the defendant claims the right, thus, to take and use such of the rock as is within the boundaries of the street.

· The first question therefore is, whether the defendant has this right?

The gift, by the complainant to the defendant, was that of the right of way over his land. It was no more than that. .

Is a gift of the right of way a gift of the earth, rock, trees, and other materials which may happen to exist within the boundaries of the way? Is a gift of the right of way a gift of all the gold that may exist beneath the surface of the way, the right to which is given?

In *Goodtitle ex dem. Chester vs. Acker and Elmes,* (1 *Burr.* 143,) Lord *Mansfield* said: "1 *Ro. Abr.* 392, *Letter B. Pl.* 1, 2, is express, 'that the *King* has *nothing but the passage* for himself and his people; but the *freehold and all profits* belong to the *owner* of the soil.' So do all the *trees* upon it and *mines* under it (which may be extremely valuable.) The owner may carry water in pipes *under* it. The owner may get his soil *discharged* of this servitude or easement of a way over it, by a writ of *ad quod damnum.*"

And in *Lade vs. Shepherd,* (2 *Str.* 1004,) which was an action by the owner for trespass done by the appropriation of a part of a street which he had laid out on his land, the Court say, "It is certainly a deduction to the public, so far as the public has occasion for it, which is only for a right of passage. But it never was understood as a transfer of the absolute property in the soil."

To the same effect is 2 *Inst.* 705. (See *Woolvych on Ways,* 5.)

[1.] A gift, then, of the right of way, is *not* a gift of the earth and other materials that may exist within the boundary lines of the way, the right of which is given.

It follows that the defendant did not have the right to take rock from "the rocky bluff" aforesaid, to be applied to the macadamizing of the streets of Rome, and to the building of culverts. The defendant, no doubt, has the right to level the bluff, so as to make the street passable the whole width of it. In the right to make the street, is implied the right to do this. The defendant having the right to make the street, has a right to do every thing requisite to the making of the street. And this is the limit of the defendant's right. The fragments of rock that might result from the process of levelling the bluff, would belong, not to the defendant, the owner of no more than the right of way, but to the complainant, the owner of the soil.

The next and only other question is, whether the complainant had the right to an injunction to stop the defendant from taking rock from "the rocky bluff" aforesaid, and applying it to the uses of the City of Rome in macadamizing streets and building culverts?

[2.] And we think he had. Taking rock for the purpose of applying it to the uses aforesaid, would amount to the commission of waste. (*Com. Dig. Wast.* (*D.* 4.) And an injunction to stay waste, has become almost a matter of course. (*Moore vs. Ferrell et al.* 1 *Kelly,* 11; *Eden.* on *Inj.* 198,—'9.)

We think, therefore, that an injunction to prevent the defendant from taking the rock, to be applied to the uses aforesaid, should have been granted.