WILLIAM MARKHAM, plaintiff in error, *vs.* CLARK HOWELL *et al.*, defendants in error.

1. Authority by the Legislature to the Inferior Courts of this State to establish small-pox hospitals, does not authorize those Courts to impress private property of citizens. This power, to be exercised by individuals, etc., does not arise by implication, but must be specially conferred by the Legislature.

2. Injunction to stay waste allowed as a matter of course.

In Equity, from Fulton Superior Court. Decision made by Judge BULL, at Chambers, May 1st, 1863.

Markham *vs.* Howell *et al.*

William Markham filed his bill in equity against Clark Howell, Powell Owen, Perino Brown, Edward Talliaferro and James N. Simmons, alleging that he owned and possessed a tract of land, lying near the city of Atlanta, containing one hundred and fifty-five acres, eighty acres of which were cleared and under cultivation, and on which there is a dwelling-house, kitchens, negro houses, barns and stables ; that the place was of great value, and worth a large sum for rent ; that the defendants, about the 12th of January, 1863, took possession of the premises as a hospital for patients afflicted with small-pox, and continue to use the place for that purpose, depriving complainant of its enjoyment and use ;' that defendants, their servants and agents, had cut, and were still cutting, the timber from the place, consuming the lightwood, burning the rails, palings and boards on the premises, and otherwise greatly damaging the complainant.

The prayer of the bill is, that the defendants be held to account for past injuries done to the premises, and be restrained by injunction from further depredations, and from carrying to the premises any other persons diseased with small-pox.

The presiding Judge granted a rule *nisi*, calling on the defendants to show cause why the injunction should not issue as prayed for in the bill.

The defendants answered the bill, setting forth that complainant's premises were first seized by the military authoties of the Post of Atlanta, Georgia, and used as quarantine grounds, to prevent the spread of small-pox in the city and surrounding country ; that subsequently, it become necessary to abandon the quarantine, and the premises were turned over by the military authorities to the defendants, who, in their character of the Justices of the Inferior Court of Fulton county, took possession of the premises, and used the same, and are still using the same as a small-pox hospital, under an absolute and pressing necessity to prevent the spread of small-pox ; that complainant's premises were thus taken and used by defendants with his knowledge and

consent, and under an agreement with complainant that he would be satisfied if allowed to use all the buildings except the dwelling-house and half the kitchen, and also be allowed to cultivate the cleared land; that the defendants did pass an order allowing complainant thus to cultivate the land and use the building, which he had done, and was doing, when the bill was filed.

The answer was supported by the affidavits of several witnesses.

Upon hearing the application the presiding Judge granted the injunction so far as to restrain defendants from cutting timber, trees, etc., or burning rails, palings or boards, but refused it as to carrying other small-pox patients on the premises.

Error is assigned on this decision.

HAMMOND & HOYT, for plaintiff in error.

GARTRELL & HILL, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

This was a bill by the complainant against the defendants, Justices of the Inferior Court of Fulton county, to restrain them from the further use of the premises of the complainant as a small-pox hospital, alleging that it had been impressed by them for that purpose, and was then being so used, without authority of law and without the consent of the complainant. The bill also alleged that the defendants were, by their servants and employees, committing divers acts of waste upon the premises, such as cutting down and removing the trees and timber growing on the same, burning the wood, pulling down, destroying and burning the fences, etc., against all which complainant prayed an injunction. From the answer and accompanying affidavits, read on the hearing of the motion for the injunction, in the Court below, it appears that the premises were first seized by the military authorities of the city of Atlanta, and used by them as a small-pox hospital, to which seizure

complainant had made no particular objection, but had made out and presented to the Commandant of the Post a bill for such use, etc., which had been paid by the proper authorities ; that the military authorities had turned over the premises to the Inferior Court of the county, to be used in like manner, and that subsequently, and before the filing of the bill, complainant and the defendants had had an interview on the subject, and an arrangement made, with which the complainant was satisfied, by which arrangement the defendants were to continue to use the premises as a hospital, or as quarantine ground for small-pox cases. It also appeared that the necessity for the seizure of this or some other place for this purpose was absolutely necessary. Upon this ground the Court below refused the injunction as to the further use of the premises for hospital purposes, but granted an injunction as to the waste.

These Inferior Courts of the several counties of this State, when small-pox made its appearance, were authorized by an Act of the Legislature to establish small-pox hospitals, etc., but not in that Act, or in any other, were they authorized by law to seize or impress the private property of the citizen, for that or any other purpose, without the consent of the owner. It is true that the private property of the citizen may be seized for a public use upon just compensation being made, but no individual corporation or tribunal can do so, or judge of the necessity, until special authority of law is given for that purpose, and we should have reversed the judgment of the Court below on this ground, but for the agreement between complainant and defendants before the filing of the bill. By this agreement complainant assented to the seizure, and in that way cured all past errors. That the defendants were authorized to establish a hospital did not confer the right to impress. This is too dangerous and extraordinary power to be conferred by mere implication—it must be expressly granted, and must provide in the grant the mode of compensation, etc.

2. The injunction as to the waste was properly allowed. There was no agreement or consent to this, nor any excuse

for it.  Injunctions in cases of waste are granted as a matter of course.  Smith vs. City Council of Rome, 19 Ga., 89. Let the judgment be affirmed.