D. K. PERKINS, Assignee, etc., Appellant, v. J. M. BROCK et al., Respondents.

Pleading — Inconsistent Allegations in the Same Count of the Complaint. — If the plaintiff places inconsistent allegations in the same count of his complaint, and the defendant does not choose to demur for uncertainty, it is sufficient for him to deny the allegation which he wishes to controvert, leaving the other unnoticed.

Id. — Traverse in Affirmative Words. — It is not necessary that a traverse should be in negative words. An averment in the answer of the contrary of what is alleged in the complaint is equivalent to a denial. Even where the averment is not of the direct contrary of the allegation, but is inconsistent with its truth, it may, under certain circumstance, be held to raise an issue. So held where plaintiff took no proceeding in the court below to test the sufficiency of the answer.

Appeal from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion.

*Reardan & Freer*, for Appellant.

*Gray & Sexton*, for Respondents.

Hayne, C.—Action by the assignee of an insolvent partnership to recover certain personal property alleged to have been transferred in fraud of creditors. Judgment passed for the defendants, and the plaintiff appeals.

The findings negative the charges of fraud. And as the evidence is not brought up, the findings must be taken to be true.

The main contention of the appellant is, that the transfer was void for want of authority in the person who made it. The only difficulty arises from inattention to a few simple rules of pleading.

The plaintiff began by placing inconsistent allegations in the same count of his complaint. He alleged: 1. That the firm transferred the property, and then that the

transfer was made by one partner without the consent or knowledge of the other, and was of the whole property of the firm. These allegations are inconsistent, because one partner has no power or authority to make such a transfer, except in certain contingencies, which do not arise here. (Civ. Code, sec. 2430.) The first allegation cannot, in favor of the plaintiff, be construed as a mere conclusion, because the rule is, that pleadings are to be construed most strongly against the pleader. Nor, for the same reason, will the complaint be construed as alleging that the transfer was in the name of the firm, and purported to be by its authority, but was void for want of authority,—though even if this latter construction were adopted, it would not change the conclusion which we have reached. The two allegations are inconsistent. If the person making the transfer had no authority to bind the firm, it follows that the firm did not make the transfer.

The defendants did not deny the allegation showing a want of authority, but averred affirmatively that the firm transferred the property. And it is now contended for the plaintiff that the pleadings admitted the want of authority to transfer, and that the finding to the contrary is against such admission, and must, therefore, be disregarded.

It seems plain that if a complaint first alleges a fact, and then, in the same count, alleges the contrary (the latter allegation not being of mere evidence), and the defendant does not choose to demur specially for uncertainty (see *Blasingame* v. *Home Ins. Co.*, 75 Cal. 636), it is sufficient to deny the statement which he wishes to controvert, leaving the other unnoticed. In such cases, the denial of one statement would be construed as an affirmation of the other. If, therefore, the defendants had denied the allegation showing a want of authority, there would have been no difficulty. They did not deny it, but averred affirmatively the truth of the inconsistent

allegation. And the question is, whether this raised an issue.

It is not essential that a traverse should be expressed in negative words. An averment in the answer of the contrary of what is alleged in the complaint has been held to be equivalent to a denial. (*Miller* v. *Brigham,* 50 Cal. 615; *McDonald* v. *Davidson,* 30 Cal. 174; *Thompson* v. *Lynch,* 29 Cal. 189.) If, therefore, the averment had been of the direct contrary of the allegation, showing the want of power, the averment would have raised an issue. It was not of the direct contrary, but was inconsistent with the truth of said allegation. This mode of pleading is not to be commended, because it savors of argument. But under the circumstances, we think that it may be held to raise an issue. The alternative is to say that the answer admits that the transfer was invalid,—or in other words, that it admits that the firm did not transfer the property,—when it expressly averred that the firm did transfer it. And in view of the fact that the first fault was committed by the plaintiff, and that so far as appears he took no proceeding in the trial court to test the sufficiency of the answer, this seems to be too great a degree of strictness.

The finding negatived the allegation showing the invalidity of the transfer. And we think that this finding must be held to be within the issues.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT.—For the reasons expressed in the foregoing opinion, the judgment is affirmed.