[No. 18294.   Department One.—September 29, 1894.]

## DAVID BURRIS, APPELLANT, *v.* PEOPLE'S DITCH COMPANY, RESPONDENT.

EASEMENT—CHANGES NOT AFFECTING SUBSTANTIAL RIGHTS OF OWNER.—The owner of an easement cannot change its character, or materially increase the burden upon the servient estate, or injuriously affect the rights of other persons; but, within the limits named, he may make repairs, improvements, or changes that do not affect its substance.

ID.—BRINGING DITCH TO UNIFORM GRADE.—Where a ditch-owner has an easement over the lands of another in a ditch to convey water for the purpose of irrigating, the bringing of the ditch to a uniform grade by removing local inequalities, which does not increase the amount of water to be conveyed through the ditch, nor damage the servient lands, is not a deepening of the ditch of which the owner of the servient estate can complain.

ID.—PRESCRIPTIVE RIGHT AS TO DEPTH OF DITCH—HOW DETERMINED.—A prescriptive right as to the depth of a ditch crossing the lands of another is determined by the grade and general depth of the ditch, and not by local and unimportant irregularities at the bottom of it; and the removal of such irregularities by deepening the ditch where they occurred is not a material alteration of the ditch, if the ditch is not widened, nor the quantity of water increased, nor the mode of its use changed.

ID.—MANDATORY INJUNCTION.—The owner of the servient estate is not entitled to a mandatory injunction against the owner of the ditch to compel

the restoring of local and unimportant irregularities in the bottom of the ditch which had been removed by the owner of it.

Id.—Issue as to Widening and Deepening of Ditch.—Where the complaint charged a material widening and deepening of the ditch, and the answer, after making a literal denial as to the width and depth alleged in the complaint, added: "But, on the contrary, defendant alleges that said ditch is no wider, nor is it any deeper through the lands of the plaintiff, than it was when it was first constructed," such allegation is sufficient to put in issue the allegation of the complaint.

Id.—Denial by Contrary Allegation.—Any allegation in an answer which, if found to be true, necessarily shows that the allegation of the complaint as to the same matter is untrue is a good traverse, and sufficient as a denial.

Appeal from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Daggett & Adams,* for Appellant.

The extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired. (Civ. Code, sec. 806; Angell on Watercourses, 7th ed., sec. 224.) An easement like the one in question cannot be enlarged, varied, or changed without the consent of the person whose property is affected by the easement. (Angell on Watercourses, 7th ed., sec. 224; *Cotton* v. *Pocasset Mfg. Co.*, 13 Met. 429; *Davenport* v. *Lamson,* 21 Pick. 72; *Totel* v. *Bonnefoy,* 123 Ill. 653; 5 Am. St. Rep. 570; *Boynton* v. *Longley,* 19 Nev. 69; 3 Am. St. Rep. 781; *Onthank* v. *Lake Shore etc. R. R. Co.,* 71 N. Y. 194; 27 Am. Rep. 35; *Hodgkins* v. *Farrington,* 150 Mass. 19; 15 Am. St. Rep. 168; *Allen* v. *San Jose etc. Water Co.,* 92 Cal. 138.) Plaintiff was clearly entitled to a mandatory injunction to compel the defendant to restore the ditch to its original condition before it was deepened by the defendants, and the trouble and inconvenience the defendant may be put to in so doing should not be considered. (Wood on Nuisances, 2d ed., secs. 778, note 2, 779; *Learned* v. *Castle,* 78 Cal. 461; *Clowes* v. *Staffordshire Pottery Co.,* L. R. 8 Ch. 125; *Cole S. M. Co.* v. *Virginia etc. Water Co.,* 1 Saw. 470, cited in Angell on Watercourses, 7th ed., sec. 448;

*Schwoerer* v. *Boylston Market Assn.*, 99 Mass. 286; *Corning* v. *Troy Iron and Nail Factory*, 40 N. Y. 191.) The denials in the answer as to the widening and deepening of the ditch were insufficient to raise any issue thereon. (*Doll* v. *Good*, 38 Cal. 287; *Gulf of California Nav. Co.* v. *State Investment etc. Co.*, 70 Cal. 587; *Camden* v. *Mullen*, 29 Cal. 564; *Huston* v. *T. & C. etc. Co.*, 45 Cal. 550; *Higgins* v. *Wortell*, 18 Cal. 331.) There is no necessity for finding facts which are admitted by the pleadings. (*Swift* v. *Muygridge*, 8 Cal. 445; *Taylor* v. *Central Pac. R. R. Co.*, 67 Cal. 615.) Findings which are contrary to the facts admitted in the pleadings are to be disregarded, for a defendant cannot on the trial controvert a fact admitted by the pleadings. (*Patterson* v. *Sharp*, 41 Cal. 133; *Bradbury* v. *Cronise*, 46 Cal. 287; *Jones* v. *Spears*, 47 Cal. 20; *Hill* v. *Den*, 54 Cal. 20; *White* v. *Douglass*, 71 Cal. 115; *Joshua Hendy Machine Works* v. *Pacific Cable etc. Co.*, 99 Cal. 421.)

*Bradley & Farnsworth*, for Respondent.

If plaintiff has sustained any damage an action at law would afford ample compensation, and an injunction should not therefore be granted. (*Waldron* v. *Marsh*, 5 Cal. 119; *Leach* v. *Day*, 27 Cal. 643; *Mechanics' Foundry* v. *Ryall*, 62 Cal. 418; 75 Cal. 601; Gould on Waters, secs. 508–10; *Jerome* v. *Ross*, 7 Johns. Ch. 315; 11 Am. Dec. 484; *Thorn* v. *Sweeney*; 12 Nev. 251; *Hoye* v. *Sweetman*, 19 Nev. 376; *Smith* v. *Gardner*, 12 Or. 221; 53 Am. Rep. 344; *Lorenz* v. *Waldron*, 96 Cal. 243, 249.) The burden of defendant's easement was not increased, and therefore an injunction was properly denied. (*Durfee* v. *Garvey*, 78 Cal. 551; Angell on Watercourses, sec. 226; 2 Washburn on Real Property, 84; *Herman* v. *Roberts*, 119 N. Y. 37; 16 Am. St. Rep. 801; *Hall* v. *Rood*, 40 Mich. 46; 29 Am. Rep. 528; *Allen* v. *San Jose L. & W. Co.*, 92 Cal. 138.)

HAYNES, C.—The defendant is the owner of a canal or ditch used to convey water from Kings river for the

purpose of irrigation. This ditch was constructed in 1875, is about twenty miles long, and in its course crosses two sections of land owned by the plaintiff.

The complaint charges that in December, 1887, the defendant widened and deepened the ditch upon plaintiff's lands, and prays for a mandatory injunction to compel the defendant to restore the ditch to its former condition.

The defendant answered, and the issues were tried by the court, and upon the findings made judgment was entered for the defendant. This appeal is by the plaintiff upon the judgment-roll.

The court found that when said ditch was constructed across section 14 it had a width on the bottom of about twenty-five feet, was a little wider at the top, and was about six feet in depth from the surface of the ground, and from the top of the embankment about ten feet; that on section 26 the ditch was about thirty feet wide on the bottom, was about two feet in depth below the surface of the ground, and from the top of the embankments its depth was about four feet, and that said ditch is no wider now than when first constructed, and is not any deeper except as hereinafter stated. That in December, 1887, the defendant, against the protest of the plaintiff, entered upon said ditch to clean out the same, and increased the depth of it for a distance of one hundred and forty yards in section 14 of plaintiff's lands from one foot to seventeen inches, and on section 26 deepened it from one foot at the upper end of a " one hundred and seventy yard stretch, tapering down to nothing at the lower end of said stretch"; that said portions of the ditch were deepened to reduce the ditch to an even and uniform grade, " said portions having theretofore been looked upon as humps in the bottom of the ditch," but that no more water is conveyed through the ditch than before.

The court further found that plaintiff's lands were not thereby damaged, nor the burden increased, nor the plaintiff obstructed in the free use of any of his lands,

or prevented from the comfortable enjoyment of any thereof, or that he suffered any pecuniary loss or damage.

Appellant contends that the findings show that he is entitled to the relief demanded, and asks for a reversal of the judgment, and that he have judgment on the findings.

It is well settled that the owner of an easement cannot change its character, or materially increase the burden upon the servient estate, or injuriously affect the rights of other persons, but within the limits named he may make repairs, improvements, or changes that do not affect its substance. An easement of the character involved in this case is property, to the reasonable and profitable use and improvement of which, due regard being had to the rights of others, the owner is entitled. Bringing the ditch to a uniform grade by removing local inequalities, such as are stated in the findings, is not a deepening of the ditch. The prescriptive right, as to depth, is determined by the grade and general depth of the ditch, and not by local and unimportant irregularities in the bottom of it. The ditch was not widened, nor the quantity of water conveyed increased, nor the mode or purpose of its use changed. It is argued that if defendant had the right to do what the court found was done, that defendant would have the right to dig the ditch a hundred feet deeper; that, in principle, there is no difference between deepening it one inch and a hundred feet. There is, however, the difference between that which is material and that which is immaterial. Suppose plaintiff had acquired by prescription a private way for a few rods over his neighbor's land; that at the time he first used the way he found a tree growing in the middle of it, and instead of digging it up had cut it down so low that his wagon could pass over it, and had so used the way for five years. Would it be claimed that he might not afterwards dig up the stump? or, if he did, that his neighbor could obtain a mandatory injunction to require him to put the stump back where it grew?

None of the cases cited by appellant sustain his contention.   They either involve facts of a different nature, or are based upon a change of the character of the easement, or a material increase of the burden upon the servient estate.   In *Allen* v. *San Jose L. & W. Co.*, 92 Cal. 138, principally relied upon by appellant, this court sustained the right of the plaintiff to an injunction upon the ground that the change from the open ditch to a pipe laid under ground was " a change in the *character* of the easement.''   In this case there was no change in the character of the easement, or the mode of its use or enjoyment, nor was any injury inflicted upon the plaintiff.   The work done the defendant had the right to do, and the injunction was properly denied.

It is further contended that the finding that the ditch was not widened or deepened is in conflict with admissions in defendant's answer.

The complaint charged a material widening and deepening, and the contention is that this allegation is not denied, and is, therefore, admitted.

It is conceded that the denial is not in good form, and if it stood alone would be insufficient.   But the pleader, after making a literal denial as to the width and depth alleged in the complaint, added: " But, on the contrary, defendant alleges that said ditch is no wider nor is it any deeper through the said lands of plaintiff than it was when it was first constructed."   This allegation was sufficient to put in issue the said allegations of the complaint.   ( *Way* v. *Oglesby*, 45 Cal. 655; *Goddard* v. *Fulton*, 21 Cal. 430, 436; *Robinson* v. *Merrill*, 87 Cal. 14.)   It may be said, generally, that any allegation in an answer which, if found to be true, necessarily shows that the allegation of the complaint as to the same matter is untrue, is a good traverse, and sufficient as a denial.

We see no inconsistency in the findings.   The inconsistency claimed rests upon the assertion that the removal of the " humps'' was a " deepening'' of the ditch, a proposition that need not be further discussed.

The judgment should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

HARRISON, J., VAN FLEET, J., FITZGERALD, J.