FAJARDO, PLAINTIFF AND APPELLANT, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1852.—Decided July 8, 1919.

PLEADING—DENIAL.—Allegations contained in the answer contrary to the averments of the complaint amount to a denial.

EXECUTIVE COUNCIL.—The Secretary of the extinct Executive Council of Porto Rico having been authorized to issue certified copies of the whole or a part of the documents of record in his office, he could also, in consequence thereof, certify that it did not appear from the documents in his custody that a certain resolution had been adopted by the Executive Council.

ID.—NEGLIGENCE—RAILROADS—CHAINS AND GATES—GRADE CROSSINGS.—In accordance with Act No. 64 of 1911, imposing upon railroad companies engaged in public service the obligation of constructing and maintaining chains, gates or other suitable protective devices at all crossings of insular public roads "and at such other public crossings as the Executive Council may designate," it cannot be held that there was negligence on the part of a railroad company in omitting to have and maintain during the night such protective devices at a grade crossing of a municipal street not designated by the Executive Council.

ID.—ID.—PUBLIC SAFETY.—Although the Police Law of Railroads of 1888 provided in articles 18 and 19 that railroad companies should insure by all possible means the care and service of gates at grade crossings, and that for compliance with such provisions there should be, at all the points deemed necessary, road keepers, switch tenders and watchmen, day and night, in sufficient number for the safety of the trains and the success of the service, those statutes were repealed by Act No. 64 of 1911 and its amendment of 1915.

The facts are stated in the opinion.

Messrs. *Feliu & Alemañy* and *Mr. P. Fajardo* for the appellant.

Messrs. *F. G. Pérez Almiroty, G. H. Moscoso* and *Eduardo Acuña* por the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The object of the verified complaint filed in this case is to recover an indemnity for the damages sustained by the plaintiff to his person and property. The plaintiff alleged in the second count of his first cause of action for damages to his property that the accident was due to the defendant's negligence because the train which collided with his automobile was running at an excessive rate of speed when crossing Méndez Vigo Street, Mayagüez, and that the plaintiff had no knowledge of the approach of the train because the bell was not rung; the whistle was not blown; no chains were stretched at the crossing; no alarm lights were burning; and no other warning was given of the approach of the train. In the third count it was alleged that the damages to his

property consisted of the value of his automobile, $1,350, and the value of its use and benefit to him, $1,000.

In answering the defendant denied all of the allegations of the said second count and alleged in opposition that the engineer blew the whistle when leaving the Playa station of Mayagüez and ran the train at the rate of three or four kilometers per hour, the fireman also ringing the bell continuously; that at a distance of from 200 to 250 meters from the grade-crossing on Méndez Vigo Street of the said city the engineer again blew the whistle to indicate the approach of the train to the said crossing, still running at the same rate of three or four kilometers per hour, and the fireman did not stop ringing the bell; that upon arriving at the said grade-crossing and observing that an automobile was coming towards him at high speed, which it accelerated in order to cross in front of the train, the engineer immediately made all possible efforts to stop the train by applying the air-brakes and reversing the engine, but could not avoid the collision; that at the time the locomotive displayed a headlight of acetyline gas which was clearly visible at a distance of from 200 to 250 meters, and this light was an unmistakable signal of the approach of the train; that at the time there were sign posts at the said grade-crossing displaying the words in English and Spanish, "Look out for the train," "Stop, look and listen!"; that on that night there were also red lights burning at the crossing which were visible at a distance of 300 meters to those approaching the crossing; that the defendant is not required by law to maintain chains, gates or lights at that place and therefore the defendant specifically denies the averment of the complaint to that effect; that the defendant voluntarily maintains chains at that place from sunrise to sunset and at night this service is substituted by that of the red lights, both of which services were known to the plaintiff. As to the third count, the defendant admitted that the collision occurred, but denied that it was the result of the facts alleged in the second

count, and it denied also, for lack of information, that the automobile was rendered useless for any kind of service.

In the appeal taken by the plaintiff from the judgment of the District Court of Mayagüez dismissing his complaint he alleges as the first ground for reversal that the lower court erred in overruling his motion for judgment on the pleadings because the defendant had not specifically denied the foregoing allegations of his complaint.

Although the defendant denied generally the second count of the first cause of action, yet, as it set up matter which is a complete denial of all the particulars contained therein, the allegations were thereby specifically denied, for the averments in an answer contrary to the allegations of the complaint are equivalent to a denial; therefore the lower court did not commit the error assigned. *Hill* v. *Smith,* 27 Cal. 476; *Pfister* v. *Wade,* 69 Cal. 133; *Perkins* v. *Brock,* 80 Cal. 320; *Burris* v. *People's Ditch Company,* 104 Cal. 248; *Stetson* v. *Briggs,* 114 Cal. 511.

The second assignment of error is that the lower court erroneously admitted two certificates in evidence at the trial.

According to the statement of the case before this court, the defendant offered in evidence "a certificate issued by the secretary of the extinct Executive Council, Pedro Castro, concerning the provisions of Act No. 35 of 1911, amended by the Act of 1916, regarding grade-crossings" and the plaintiff objected to its admission on the ground that it was a question of law which could not be proved by a certificate, but the court admitted it and the plaintiff excepted.

The defendant also offered in evidence and the lower court admitted, over the plaintiff's objection, a certificate of the acting municipal secretary of Mayagüez to the effect that there is no ordinance of the said municipality regulating the passing of trains through the said city.

We have copied literally the reference in the transcript of the record to the first certificate, not only because that reference gives us no knowledge of what the certificate con

tains except that it refers to grade-crossings, but also because Act No. 35 of 1911 does not treat of grade-crossings, nor was any act passed in 1916 referring to that matter. However, we believe that the intention was to refer to Act No. 64 of 1911 and to its amendment by Act No. 12 of 1915, for these acts impose upon railroad companies engaged in the public service the obligation to construct and maintain chains, gates or other suitable protective devices at all grade-crossings of insular public roads and at all such other public crossings as the Executive Council may designate; and if, as we suppose, the certificate stated that the Executive Council had not ordered the placing of chains or gates at the crossing on Méndez Vigo Street, that is a question of fact which the defendant could prove.

The appellant does not now sustain his objection on the ground stated in the lower court, but contends that the secretary of the Executive Council has no authority to certify to facts which do not appear from the records of his office. We are of the opinion that as the said secretary is authorized to issue certified copies of the whole or of parts of the documents recorded in his office, he can certify also that it does not appear from the documents in his custody that a certain resolution had been adopted by the Executive Council. At any rate the appellant was not prejudiced, for if it was necessary to prove that the Executive Council had ordered the placing of such safety devices at that crossing the burden of proving it was on him and the appellee only showed that there was no such order.

As to the second certificate, the appellant now alleges for the first time that it was not admissible in evidence because the municipal secretary is the official authorized by law to issue certificates of the municipal records and when another person signs for him he must state that he does so in the name of and in representation of the secretary and must sign accordingly. As we have no knowledge of how the certificate was signed, we are not in a position to consider this question.

The other assignments of error may be considered together, for they refer to the weighing of the evidence by the lower court and to the construction of the law applicable to the case.

It was shown by the evidence that in the early morning of the 26th of March, 1917, and at the place where the defendant's railroad track crosses Méndez Vigo Street of the city of Mayagüez, a collision occurred between the locomotive of the defendant's train and the plaintiff's automobile, in which he was traveling with other persons, upon his attempting to cross the track.

Regarding the cause of the accident, the lower court found that the plaintiff did not slacken the speed of his automobile upon approaching the crossing, although he knew that at night the defendant only displayed red lights to indicate the crossing and the lights were burning; that the locomotive carried a brilliant head-light which was visible for at least 200 meters; that on two occasions the engineer blew the whistle and the fireman rang the bell, first when leaving the Playa station and afterwards at a distance of from 150 to 200 meters from the said crossing, and that the train was running at a maximum rate of speed of from 5 to 6 kilometers per hour.

Upon these facts and holding that the defendant was not required by any law or ordinance in force at the time of the accident to maintain at that crossing a service of chains or gates, or warning lights, the court arrived at the conclusion that the collision was due solely and exclusively to the fault and negligence of the plaintiff and dismissed his complaint.

Although the appellant devotes a great part of his brief to attempting to show that some of the findings of the judge of the lower court are not supported by the evidence, such as that he did not slacken the speed of his automobile upon approaching the crossing and that the train was running at a maximum rate of speed of from 4 to 6 kilometers per hour, nevertheless the fact is that the plaintiff, knowing of the ex-

istence of the defendant's railroad crossing on Méndez Vigo Street; knowing that at night no chains were placed there, but that only red lights were displayed to indicate the location of the crossing, and knowing that the nearby houses made it difficult to see approaching trains, undertook to cross the railroad track without taking any precaution and without paying attention to the signals given by the whistle and the bell of the train, or to the brilliant head-light on the locomotive; therefore, in our view of the question the important point is, as the appellant agrees, whether the defendant was required by law to place chains or gates at the said crossing when its trains were about to pass.

The appellant maintains that in accordance with Act No. 64 of 1911, as amended by Act No. 12 of 1915, the defendant is under the obligation of placing chains or gates at the said crossing, and that if it has no such obligation under the said acts because the Executive Council has not so ordered, then the obligation is imposed by the Police Law of Railroads of 1888.

Section 12 of Act No. 64 of 1911 provided that all railroad companies of public service were obliged to construct and maintain chains, gates, or other suitable protective devices, at all crossings of insular public roads and at all such other public crossings as the Executive Council may designate. Act No. 12 of 1915 did not change that section, but reenacted it verbatim and the amendment to that section consisted only in the addition of the provision that subject to rules, regulations and orders of the Executive Council, all public service railroads shall fence in or otherwise properly guard or protect their tracks, so as to keep animals from entering upon such tracks, and do other things which have no reference to this case.

In the case of *Dominguez* v. *P. R. Ry. Light & Power Co.,* 19 P. R. R. 1034, in considering said Act No. 64 we held it to be the duty of public service railroads to construct and maintain chains, gates or other safety devices of a similar

nature at crossings on the insular public roads, but the question in this case is whether the defendant was under said obligation with respect to the crossing on Méndez Vigo Street.

We are of the opinion that Act No. 64 imposes that duty only with regard to grade-crossings or to crossings on the insular public roads and at such other places as the Executive Council may designate; and as Méndez Vigo Street is not an insular public road, but a street of the city of Mayagüez, and the Executive Council has not ordered that chains, gates or other similar protective devices shall be maintained at the said crossing, the defendant was not under the obligation to have such protective devices at that place and therefore was not guilty of negligence in failing to maintain them there.

Although the Police Law of Railroads of 1888 provided in articles 18 and 19 that railroad companies should insure by all possible means the care and service of gates at grade-crossings, and that for compliance with that provision there should be, at all the points deemed necessary, road-keepers, switch-tenders and watchmen, day and night, in sufficient number for the safety of the trains and the success of the service, those statutes were repealed by Act No. 64 of 1911 and its amendment of 1915, in which the Legislature prescribed that chains, gates or other suitable protective devices should be constructed and maintained at all crossings of insular public roads and at such other crossings as the Executive Council might designate.

For all the foregoing we are of the opinion that there was no negligence on the part of the defendant and that the accident was due solely to the fault and negligence of plaintiff; therefore the judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.