[Civ. No. 2794. First Appellate District, Division Two.—August 19, 1919.]

DELIA McNULTY, Respondent, v. HARRY B. LAWLEY et al., Appellants.

[1] Easements—Ownership of Right of Way—Right to Remove Part of Soil.—While the owners of an easement for a toll road over the land of another have the right to grade their road in such manner as is reasonably necessary or appropriate for its use, and, perhaps, the further right to use the material so separated from the land for filling or surfacing other portions of their road, they have no right to take material from the soil of the owner of the land, even within the boundaries of the right of way, without regard to grading operations on such land, but to be hauled to points on the road miles away or to points on other roads, public and private.

---

1. Abutting owner's rights as to stone in highways, notes, 2 Ann. Cas. 596; 11 Ann. Cas. 445.

Right to stone upon railroad right of way as between company and fee owner, note, 45 L. R. A. (N. S.) 800.

[2] ID.—POWERS AND PRIVILEGES INCIDENTAL TO OWNERSHIP OF.—The easement for highway purposes is for passage only over the land with necessary incidental powers and privileges to grade the way and to repair and maintain it upon or adjacent to the lands of the respective abutting owners, but these incidental powers and privileges give the holders of the easement no right of ownership in the soil.

[3] ID.—ACTION TO RECOVER ROCK TAKEN—CONFLICTING EVIDENCE—VERDICT OF JURY — JUDGMENT — PRESUMPTION.—Where, in an action by the owner of the land against the owners of the easement for the value of rock taken from plaintiff's land, and for damages for the injury to the land by reason of such taking, there is some evidence on the part of the defendants that a part of the rock taken was from the ends of the quarry for the purpose of widening and straightening their road, while the plaintiff's evidence is that a greater portion of the rock was taken from the main quarry face, which was outside the right of way claimed by defendants, the verdict of the jury being for much less than plaintiff claimed, it must be presumed in favor of the judgment that the jury made proper allowance for any grading operations.

[4] ID.—LOCATION OF BOUNDARY IMMATERIAL — REJECTION OF EVIDENCE.—In such action, the actual location of the inner boundary of the right of way was immaterial, and, therefore, the court properly rejected the proffered evidence of proceedings of the supervisors of the county in establishing and abandoning an old road.

[5] ID.—WIDTH OF ROAD AT DIFFERENT PLACE NOT RELEVANT.—Where such old county road never ran across the plaintiff's land, and did not pass the quarry from which the defendants took the rock, the proceedings affecting such road at a different place would have no tendency to prove the width of defendant's right of way past plaintiff's quarry; therefore, evidence of such proceedings was properly rejected.

[6] ID.—TECHNICAL ERROR—WANT OF INJURY.—Even though it could be held that the rejection of such evidence concerning the proceedings affecting such old county road was technical error, witnesses of the defendant having been permitted to testify in regard to their claim to a right of way of the same width as such old county road, the defendants were not injured thereby. In such a case, the judgment will not be disturbed on appeal.

[7] ID.—VALUE OF ROCK TAKEN—ASSESSMENT-ROLLS NOT EVIDENCE.—In such an action, assessment-rolls are not admissible as original evidence of value, and will not contradict the plaintiff's evidence of the value of the rock taken, and their offer in evidence is properly rejected.

APPEAL from a judgment of the Superior Court of Napa County. R. H. Latimer, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John T. York for Appellants.

Aitken & Aitken and Aitken, Glensor & Clewe for Respondent.

BRITTAIN, J.—The defendants appeal from a judgment for $779, entered upon the verdict of a jury, in a suit for the value of rock taken from the plaintiff's quarry, and for damages for injury to the land by reason of the taking. The appellants contend that the trial court committed error in rejecting certain evidence and in giving certain instructions concerning their rights as the proprietors of a toll road running over the plaintiff's land and by or through the quarry in question.

Through the plaintiff's land runs a stream, from the left bank of which rose a steep hill in which the quarry was opened. The toll road hugs the bank of the stream, and was graded and used at that point to a width of some twenty feet. The quarry has an opening of about 370 feet along the road. Its floor is substantially level with the road, and, roughly speaking, forms the segment of a circle having a depth at the center of about seventy feet from the nearest edge of the traveled portion of the road to the base of the quarry face. From the base to the top of the quarry at its deepest, central part the height is about one hundred feet, and at the ends of the quarry the height is perhaps thirty feet.

The defendants claimed to be entitled to a right of way for the toll road sixty-six feet wide, up to a line some forty-six to forty-eight feet farther from the creek than the inside line of the traveled and graded way. They also claimed, and here claim as a matter of law, the right to take rock from any part of the right of way. If the appellants' second contention is not correct, their first contention is immaterial. [1] Even though the proper boundaries of the defendants' right of way included the entire quarry, they had no right to take rock which, but for the easement,

belonged to the plaintiff. They had the unquestionable right to grade their road in such manner as was reasonably necessary or appropriate for its use, and, perhaps, the further right to use the material so separated from the land for filling or surfacing other portions of their road. They had no right to take material from plaintiff's soil, even within the boundaries of the right of way, without regard to grading operations on the plaintiff's land, but to be hauled, as. some of it was, to points on the toll road miles away from the plaintiff's land, as well as to points on other roads, public and private. As well might they have claimed the right to operate for their own benefit a gold mine on any portion of the right of way.

[2] The easement for highway purposes is for passage only over the land, with necessary incidental powers and privileges to grade the way and to repair and maintain it upon or adjacent to the lands of the respective abutting owners. These incidental powers and privileges give the holders of the easement no right of ownership in the soil. Lord Mansfield said the rule was express "that the king has nothing but the passage for himself and his people; but the freehold and all profits belong to the owner of the soil." (*Goodtitle* v. *Alker*, 1 Burr. 143.) Material may be taken from the highway for the purpose of building or repairing the same in front of the adjoining land, or for bringing it down to grade, but the taking of such material, not for the improvement of the highway at the point from which they are taken, but merely for use in improving other portions thereof, is unjustifiable. (13 R. C. L., "Highways," sec. 112.) The text in Ruling Case Law is amply supported by authority. In two cases cited by respondent the facts were substantially the same as in this case, and the rule was applied. (*District of Columbia* v. *Robinson*, 180 U. S. 92 [45 L. Ed. 440, 21 Sup. Ct. Rep. 440, see, also, Rose's U. S. Notes]; *Smith* v. *City of Rome*, 19 Ga. 89, [63 Am. Dec. 298].) In this state the broad general principles under-. lying the rule have been· discussed in a number of cases. (*Wright* v. *Austin*, 143 Cal. 236, [101 Am. St. Rep. 97, 65 L. R. A. 949, 76 Pac. 1023]; *Northfork etc. Co.* v. *Edwards*, 121 Cal. 662, [54 Pac. 69]; *Burris* v. *People's Ditch Co.*, 104 Cal. 248, [37 Pac. 922].) The authorities relied upon by the appellants on this branch of the case when care-

fully examined tend rather to support the argument of the respondent, and do not overcome the rule applied by the supreme court of the United States and recognized in this state.

[3]  There was some evidence on the part of the defendants that a part of the rock taken was from the ends of the quarry for the purpose of widening and straightening the road.  On the other hand, the plaintiff's evidence was that a great portion of the rock was taken from the main quarry face, which was outside of the right of way claimed by the appellants.  The jury visited the quarry.  The verdict was for much less than the plaintiff claimed.  It must be presumed in favor of the judgment that the jury made proper allowance for any grading operations.  Even though the main quarry face had been within the claimed right of way, it was not, nor could it be, claimed the quarrying at that point was in furtherance of grading operations.  The rock taken was not used by the defendants on that part of their road located on the plaintiff's land.  [4]  Under these circumstances, and following the rules laid down in the foregoing authorities, the actual location of the inner boundary of the right of way was immaterial.  There was no error, in view of the defendants' mistaken theory of the law, in rejecting the proffered evidence of proceedings of the supervisors in establishing and abandoning an old road.

[5]  The rejection of this evidence was correct for other reasons.  A county road, sixty-six feet wide, had been laid out and constructed, at least, in part.  It was abandoned in order that the defendants' predecessor might utilize such parts of it in the construction of his toll road as he desired. He was not compelled to nor did he utilize it either for its full length or its full width.  The county road never ran across the plaintiff's land, and did not pass the quarry.  The toll road is largely in the mountains, and was constructed, as at the plaintiff's place, of such a width as the proprietary owners of the easement deemed necessary to accommodate the mountain traffic.  It was maintained at this point at a width of eighteen or twenty feet for over forty years.  Proceedings affecting the old county road at a different place had no tendency to prove the width of the right of way past the plaintiff's quarry.  [6]  Moreover,

witnesses of the defendants testified in regard to their claims to a right of way sixty-six feet wide. If it could be held that there was technical error in excluding the evidence, the defendants were not injured. In such a case the judgment would not be disturbed. (*Estate of Wineteer*, 176 Cal. 28 [167 Pac. 516]; Code Civ. Proc., sec. 475.)

The instructions of which complaint is made by the appellants were in accord with what has been said of the law regarding the use of material in the highway. In view of the law they were perhaps more favorable to the appellants than they were entitled to have.

[7] The plaintiff testified concerning the value of the rock taken. On cross-examination she testified that she did not know for what her property was assessed. On behalf of the defendants it was sought to introduce the assessment-rolls of several successive years. The offer was properly rejected. The assessment-rolls would not have contradicted the plaintiff's evidence, and they were not admissible as original evidence of value. The only case cited by the appellants on this subject supports the action of the trial court. (*Central Pac. etc. Co.* v. *Feldman*, 152 Cal. 303, [92 Pac. 849].)

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.