[Civ. No. 6789.   Third Dist.   June 30, 1943.]

WILSON E. ELLIOTT et al., Appellants, v. CLARENCE F. BERTSCH, Respondent.

544

Hill & Hill for Appellants.

John F. Quinn for Respondents.

PEEK, J.—Plaintiffs appeal from a judgment quieting their title to certain real property subject to defendant's easement to the water on said land, and the further right to lay and maintain water pipes in connection with the use thereof.

Plaintiffs acquired title to the property by virtue of a sheriff's deed dated October 15, 1928, resulting from the foreclosure of a mortgage on the property in question. The right of easement claimed by the defendant had its source in a conditional sales agreement entitled "Bond for Deed", dated September 11, 1907. Plaintiffs' immediate predecessors in interest, the mortgagors under said mortgage, were the successors in interest of H. Johansen, who also was the grantor of the water and water rights to F. H. Bertsch and wife, the predecessors in interest of their son, the defendant herein.

The plaintiffs' complaint contained two causes of action, the first, following the usual quiet title procedure, alleged ownership and possession, while the second was based upon an allegation of adverse possession. The defendant's answer which denied plaintiffs' first cause of action made neither reference to nor denial of plaintiffs' allegation of adverse possession but affirmatively alleged ownership of certain water and water rights on the land.

At the conclusion of the hearing the court made its decree as previously mentioned. The plaintiffs thereupon proposed certain findings of fact and conclusions of law to the effect that the allegations in their complaint relative to their ownership and possession were true; that upon receipt of the sheriff's deed they had entered into possession of the premises and ever since have been in "actual, continuous, open, notorious, exclusive and adverse possession thereof, and used the waters thereon for the ordinary purposes of husbandry and paid all the taxes thereon."

Such proposed findings were rejected by the trial court

with a statement in a memorandum of opinion particularly addressed to the question of adverse possession, that:

"I do not believe the evidence warrants such a finding. . . . In the present case the court has already found the easement of water rights was acquired by deed and there has been no use by the plaintiffs, the owner of the premises, which is adverse to the defendant's enjoyment of such right. . . ."

The findings of fact and conclusions of law as signed by the court, in effect were as follows:

That the plaintiffs were the owners of certain real property described in the complaint except that the defendant was the owner of certain water rights and easements in relation thereto, and that the ownership of plaintiffs was subject to the rights of defendant. There was no finding on the question of adverse possession. The court then found as a conclusion of law that plaintiffs were entitled to a decree quieting their title to the real property subject to defendant Bertsch's interest in the water and water rights, and gave judgment accordingly.

Numerous questions are raised by plaintiffs in this appeal, (1) that the finding that defendant was the owner of all water rights on said property was not sustained, for by the failure to answer plaintiffs' second cause of action defendant admitted the adverse possession of plaintiffs; (2) that even if that were not the law, the adverse possession of plaintiffs was established by uncontradicted evidence; (3) that the findings are inconsistent in that both parties are found to be the owners of the water and water rights; (4) that the trial court refused to make a finding on the issue of adverse possession which was a material issue in plaintiffs' complaint; (5) that the admission of the judgment roll in the previous foreclosure proceedings was error and prejudicial to plaintiffs; (6) indefiniteness of the interest of defendant in the property included in the original contract of sale to support a finding that defendant had any interest therein, and (7) a lack of evidence that the terms of said agreement had been fulfilled.

Defendant answers plaintiffs' first contention by stating that the affirmative allegation contained in his answer as regards the water is directly contrary to plaintiffs' allegation of adverse possession and therefore such affirmative defense placed in issue the entire question. Though defendant's allegation is more of an argument than a denial it is contrary to plaintiffs' allegation and is the equivalent of a direct denial.

It is not essential that a traverse should be expressed in negative words, since in the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. (Section 452, Code Civ. Proc.; *Perkins* v. *Brock,* 80 Cal. 320 [22 P. 194].) "It may be said, generally, that any allegation in an answer which, if found to be true, necessarily shows that the allegation of the complaint as to the same matter is untrue, is a good traverse and sufficient as a denial." *(Burris* v. *People's Ditch Co.,* 104 Cal. 248 [37 P. 922].) The defendant pleaded specifically his ownership of the water and water rights. Such allegation was directly contrary to plaintiffs' allegation of ownership, and therefore, according to the above rule, was a sufficient denial and placed both questions in issue.

Plaintiffs insist that regardless of the pleadings the evidence of their adverse possession is uncontradicted. It must be admitted that no one should be deprived of his property upon a plea of adverse possession unless such plea is sustained by the clearest and most satisfactory proof. That burden was upon the plaintiffs to prove all of the elements necessary to establish adverse possession in the manner and for the time prescribed by law. An examination of the record in the present case discloses that the plaintiffs' case consisted of the testimony of the plaintiff, Wilson E. Elliott, that they had been in possession of the property since the date of the sheriff's deed; that they had paid all of the taxes, and upon such proof they rested their case. Upon cross-examination Elliott admitted he had dug a well and erected a windmill, had placed a trough where water seeped in, and dug a ditch. No showing was made as to the amount of water used, nor the beneficial purposes and the reasonable necessity therefor, if any, for which it was used, nor if the use was continuous or seasonal, all of which was essential to his case. The measure of a prescriptive right is the extent and manner of its use at the time it accrued. (25 Cal.Jur. 1152, 1155, 1161.) The plaintiffs had the further burden of clearly proving all of the other essential elements necessary to establish their title by adverse possession, i.e. actual, open and notorious use, hostile and adverse to the original owner's title. (25 Cal.Jur. 1157-8; *Crain* v. *Hoefling,* 56 Cal.App.2d 396 [132 P.2d 882].) Unless the use by plaintiffs was so open and notorious and of such a nature as to impute knowledge, and unless shown to have been adverse

and not permissive, such use must be held to be permissive in the absence of proof to the contrary. (*Crain* v. *Hoefling, supra.*)

■ Plaintiffs further complain that the findings are inconsistent in that the court finds both plaintiffs and defendant are entitled to the water in question. From our examination of the record we understand it to be that two parcels of property are involved, and that the ''Bond for Deed'' covered only one parcel; therefore, a finding that the defendant was the owner of the water on the one parcel and that plaintiffs were the owners of the water on the other, cannot be considered as inconsistent.

■ Plaintiffs also contend that their allegation of adverse possession presented a material issue within the contemplation of section 632 of the Code of Civil Procedure, and therefore it was mandatory upon the trial court to make a finding thereon. It is generally true that unless waived, full findings are required on all material issues, the exception being that a party cannot complain of a failure to make findings when, if made, they must necessarily be adverse to him. The evidence produced by plaintiffs failed to prove the elements necessary to establish ownership of the water by adverse possession. As the plaintiffs failed to sustain the burden which the law placed upon them of establishing each element of their case by satisfactory proof it is obvious that had the trial court found on this question such finding of necessity would have had to be against them, and therefore plaintiff cannot complain of the lack of such finding. (*Moore* v. *Hoar*, 27 Cal.App.2d 269 [81 P.2d 226].) ■ It is also true that the one who has the burden of proof upon an issue and who offers either no evidence or only slight evidence is not prejudiced by a failure of the trial court to find on such issue. (*Pinheiro* v. *Bettencourt*, 17 Cal. App.111 [118 P. 941].)

■ Nor does this court find merit in appellant's further contention as regards the introduction of certain evidence alleged to have been improper, to-wit, the judgment roll in the foreclosure proceedings out of which the plaintiffs received their deed from the sheriff. The disposition made of this issue makes it unnecessary to discuss the remaining questions raised by plaintiffs. It would seem that the findings and decree in the foreclosure proceedings were properly introduced in evidence. The titles claimed to the property in dispute were hostile to each other. The predecessors in interest of both par-

ties herein were parties to the antecedent foreclosure action and thereby established a definite privity of interest. Therefore they were bound by the determination of the court in the previous foreclosure action which found "that the defendants F. H. Bertsch and Elida Bertsch are the owners of a certain water right . . . ." (Sec. 1908 Code Civ. Proc.) In alleging his cause of action in the present case defendant did not specifically plead the judgment entered in favor of his predecessors in interest in the 1927 foreclosure proceedings. He did, however, offer the earlier judgment in evidence, and it was accepted over plaintiffs' objection. Under defendant's general allegation of ownership it was properly admitted by the trial court. (*McKinley Bros.* v. *McCauley*, 215 Cal. 229 [9 P.2d 298].)

It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again at issue between them. (*In re Clark's Estate*, 190 Cal. 354 [212 P. 622]; Freeman on Judgments, secs. 249, 253.) Even though this fact were not true, nevertheless the foreclosure proceedings would be competent evidence of defendant's title and therefore were properly admitted by the trial court. (*Chapman* v. *Moore*, 151 Cal. 509 [91 P. 324, 121 Am.St.Rep. 130]; *Scott* v. *Warden*, 111 Cal.App. 587 [296 P. 95]; *Alameda County Title Ins. Co.* v. *United States F. & G. Co.*, 121 Cal.App 73 [8 P.2d 912].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.