[Civ. No. 14514. Second Dist., Div. One. Jan. 8, 1945.]

E. S. STEIN, Appellant, v. JERRY BERTRAM, Respondent.

Alfred Gitelson and Sidney L. Gordon for Appellant.

George Cohn for Respondent.

DORAN, J.—This is an appeal by plaintiff in an action to recover a specified sum alleged to be due under the terms of a contract between plaintiff and defendant; and a second cause of action was for money had and received. The trial court found for defendant and from the judgment that followed, plaintiff appeals.

Briefly, it appears from the record that respondent was a merchant engaged in the furniture business. Appellant was a salesman in defendant's employ. Respondent had determined to liquidate the business, and in connection with said liquidation appellant performed certain services as salesman. A contract was executed between appellant and respondent fixing the terms of appellant's employment. It was in the form of a letter addressed to appellant which was approved of and signed by appellant. The language thereof in part is as follows: "On or about the 15th day of October, 1942, the undersigned did sell the furniture, furnishings, equipment and principal stock-in-trade in bulk; said sale is, for the purpose of brevity, hereinafter referred to as 'bulk sale'. Said bulk sale did not include the accounts receivable, certain unfinished furniture, and certain items of equipment. For your services in assisting the undersigned in effectuating said bulk sale, in assisting the undersigned in the collection of said accounts receivable and in selling the furniture, machinery and equipment not included within said bulk sale, and in filling certain orders which were received by the undersigned after said bulk sale, after the undersigned shall first have received the sum of $14,000.00, *after first paying the actual liabilities, costs, and expenses paid out to third persons, in order to complete the said subsequent business transacted* and the sale of said furniture, merchandise and equipment not included within said bulk sale, and the actual costs and expenses paid out to third persons, of collection of the said accounts receivable, including an allowance to the undersigned of the sum of $75.00 per week, against which there shall be credited any wages, salary or income received by the undersigned from any other source, from all of said property, including the bulk sale, accounts receivable, said merchandise, furniture and equipment not included within the said bulk sale, and from the orders filled thereafter, the undersigned does agree to pay unto you the next $4700.00 collected and received from said assets; and thereafter, to-wit, after the undersigned shall have received the said sum of $14,000.00 and you shall have re-

ceived the said sum of $4700.00, to pay to you one-half of the net receipts." (Italics added.) It is the italicized portion of the above which is the basis of the dispute.

At the trial appellant suggested that the question of liability be tried first and in that connection stated, "In support of our suggestion to your Honor, our position is the question of liability is distinct and separable from the question of the amount of damages. Considerable discussion followed, at the conclusion of which the trial judge disposed of the matter as follows: "THE COURT: Well, if that involves the figures, that is all right. Let's take up the question of liability first and you can introduce whatever evidence you think is necessary even though it requires some bookkeeping to substantiate your contention."

In addition to the contract, considerable evidence was received relating to the sale of the merchandise, costs, expenses and profits, as well as evidence of the circumstances surrounding the execution of the agreement in question. It was contended by respondent at the trial that the language thereof meant, and it was the intention of the parties, that respondent "was to get the first $14,000.00 net to him, and then appellant was to receive the next $4,700.00." Appellant, on the other hand, contended that said $4,700 was due when the first $14,000 was received gross.

The trial court found for defendant and concluded that there was nothing due. Judgment was entered accordingly.

It is contended by appellant that the contract in question "is clear and free from ambiguity and that the rights of the parties were governed and determined thereby." And that, "The trial court, therefore, erred as a matter of law in admitting into evidence the negotiations and stipulations preceding and accompanying the execution thereof and in admitting into evidence the surrounding circumstances at the time of the execution thereof." There is no merit to the contention. The question of liability depended upon the meaning of the language used by the parties in reducing the agreement to writing. Obviously, the trial court determined that the language was not clear; there can be no criticism of the court's judgment in this regard. The evidence received therefore was proper.

It is also urged that the court's failure to find as a fact, or conclude as a matter of law that the contract was

uncertain and ambiguous, was error. Failure of the court to find on such a collateral issue is no grounds for complaint on appeal when from the record such a finding, if made, obviously would be adverse. (*Elliott* v. *Bertsch*, 59 Cal.App.2d 543 [139 P.2d 332]; *Moore* v. *Hoar*, 27 Cal.App.2d 269 [81 P.2d 226].)

There being no errors in the record, for the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.