37093.   GEORGIA CASUALTY & SURETY COMPANY *v.* HAYNES *et al.*

DECIDED APRIL 15, 1958—REHEARING DENIED APRIL 24, 1958.

560

*Divine & Busbee, William T. Divine, Jr., George D. Busbee,* for plaintiff in error.

*Smith, Gardner & Kelley, Asa D. Kelley, Jr.,* contra.

TOWNSEND, Judge. The sole question at issue is whether the intersection of the two roads at the southwest corner of Land Lot 192 (title to which was in the United States Government) lies within "the boundaries of any Federal reservation." The parties have stipulated that the plat of Turner Air Force Base introduced in evidence is true and correct, and the legend thereon shows the boundaries of the air force base as reaching, not to the fence, but to the land lot lines. Accordingly, the evidence demands a finding that the intersection is within such boundaries.

The briefs of both the plaintiff and defendants in error raise a number of intricate questions, and this decision, stated so baldly, does little credit to their research. This nevertheless appears to be a case controlled by a very simple issue of fact. We have examined the cession statutes in Chapter 15-3 of the Code, but feel that the rights of the State, especially in regard to civil and criminal jurisdiction, have no relevancy in interpreting this insurance policy. No question is made but that the City of Albany, at the time it deeded the land to the United States, was the owner thereof. All that it did not own was an easement vested in the public, presumably by user, for the purpose of travel over Old Cordele Road. The municipality could not and did not attempt to abolish this easement, and it sold the land subject thereto. The land traversed by the road remains the property of the owner (*Stewart County* v. *Holloway,* 69 *Ga. App.* 344, 25 S. E. 2d 315) and the easement refers only to a right of passage (*Smith* v. *City Council of Rome,* 19 *Ga.* 89, 65 Am. D. 298). That the public has a right of user in no wise prevents that part of the property of the United States Government owned and claimed by it from being a part of the military reservation as the plat shows it to be. Nor does it matter whether the authorities saw fit to erect a fence and gate at the entrance to the property, or 1,000 feet within it, or 5,000 feet within it, for the purpose of checking traffic at any point on the base where

they might desire to do so. They might not, perhaps, have found it feasible to erect a fence and gate which would block the road entirely as this might interfere with an existing easement; such fact does not ipso facto prove that the road is not a part of the reservation as contended. From the plat it does not appear that the fence is intended as the boundary for anything in particular and it certainly does not purport to circle Turner Air Force Base so as to divide it from the other land also owned by the United States, but, on the contrary, all of the land is represented on the plat as being within the reservation.

It is further contended that the obvious intent of this policy is to furnish only that protection required by the installation commander, that is, protection inside the fenced area. This, too, is a non sequitur. The commander could just as well have required the insurance whether a fence was erected across the road or not, or he might have set up a check point for automobiles on the reservation at any other place where he deemed it advantageous to do so. The policy did not limit its coverage to that part of the reservation designated by the commander, but rather extends to the boundaries thereof. Regarding the contention that a military post is by definition "the fixed locality or stretch of ground guarded and patrolled by a sentry or outpost", it need only be said that there is considerable stretch of ground, as shown by the plat, between the road right-of-way and the fence at the southern side of the field; this court could hardly be so presumptuous as to hold that the United States Government had abandoned this ground as a part of its military post simply because the area is patrolled from the inside rather than the outside of the fence. Nor are the relative jurisdictions of State and county police on the one hand and the provost marshals on the other at issue here, since we are dealing with insurance coverage limited by the ownership and boundaries of the base, and not with the respective rights of the various governing authorities as between each other.

The trial court did not err in entering up a declaratory judgment against the plaintiff.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*