[No. 12068. In Bank. — May 3, 1890.]

JAMES DAVIDSON, RESPONDENT, *v.* MARIA E. ELLMAKER, APPELLANT.

UNLAWFUL DETAINER — LEASE — SIGNING — DELIVERY — EXECUTION — FINDING. — In an action of unlawful detainer, where the answer admits the signing of a lease by the defendant, but denies any taking or hiring under the lease, and avers that the signing of it was induced by fraudulent representations, it is necessary that the court should find on the issue as to whether the premises were leased. A finding that defendant signed the lease, without a finding that it was delivered, is insufficient, as the relation of landlord and tenant cannot be created by the mere signing of a lease without delivery. Nor will the use of the word "execute," in the findings, import a delivery of the lease, if it is apparent that it was used as the mere synonym of the word "sign."

ID. — LEASE TO POSSESSOR CLAIMING TITLE — ESTOPPEL — A lease to one already in possession claiming title, though executed and delivered, will not estop the lessee to dispute the title of the lessor.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*William T. Baggett*, for Appellant.

*E. J. & J. H. Moore*, for Respondent.

PATERSON, J. — This is an action of unlawful detainer.

The plaintiff alleged that the defendant, on August 11, 1880, took and hired from plaintiff's grantor the premises described in the complaint, at the monthly rental of one dollar a month, payable in advance. Defendant admitted that she had signed the lease set out in the complaint, but denied that she took or hired the property thereunder, or at all, from plaintiff, and alleged that while in possession on said August 11, 1880, she was induced by plaintiff's grantor to sign the alleged lease by false and fraudulent representations. She also alleged that neither the plaintiff nor the Savings and Loan Society, under which he claimed, was the owner or entitled to the possession of the property, and averred that she, as sole legatee of her deceased husband, was the owner thereof.

The appeal is from the judgment, and on the judgment roll only.

The findings do not cover the material issues.

1. There is no finding on the issue as to whether the Savings and Loan Society, plaintiff's grantor, leased the premises to the defendant. The court found that the defendant signed the agreement set forth in the complaint, but did not find whether the agreement was ever delivered. The relation of landlord and tenant cannot

be predicated on the production of the lease signed without evidence of a delivery. (*Caldwell* v. *Center,* 30 Cal. 544.) The court found that "defendant, Ellmaker, never in any manner acknowledged the delivery, force, or effect of said tenant's agreement, except to execute the same." It is apparent from other findings that the court here used the word "execute" in the sense that it had before used the word "*sign.*"

2. The court found that at the time the agreement was signed defendant was in possession of the premises, claiming title thereto. She was not estopped, therefore, even if the lease was executed and delivered, from disputing the title of the plaintiff. (*Paralta* v. *Ginochio,* 47 Cal. 460.) We are not advised by the findings whether she offered any evidence in support of her allegation of ownership. There is no finding on that issue.

Judgment reversed, and cause remanded, with directions to the court below to find on all the issues upon the evidence taken at the trial, and such other evidence as may be adduced, and thereupon render judgment.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., FOX, J., and BEATTY, C. J., concurred.