[L. A. No. 177.   Department One.—October 10, 1896.]

# EDWARD GRAY STETSON, Appellant, v. T. L. BRIGGS et al., Respondents.

Lease—Agency to Collect Rents—Payment—Effect of Agent's Debt.—Under an agency to lease lands and collect rents, the agent has no power to receive in payment anything but money, and a credit of rent on account of the personal debt of the agent to the lessees does not bind the principal, nor discharge the lessees from their obligation to pay the rent in money.

Id.—Execution of Lease—Assignment—Nondelivery to Original Lessees.—Where a lease was signed by the lessees in whose favor it was drawn, but was never delivered to them, and was assigned by them at the request of the lessor's agent, and delivered to the agent, and the first installment of rent was received by the lessor from the assignee, the original lessees never became obligated to pay the rent.

Id.—Pleading—Denial of Execution of Lease—Traverse by Affirmative Averments.—It is not essential that a traverse should be expressed in negative words, but an affirmative averment in the answer, of the contrary of what is alleged in the complaint, is equivalent to a denial; and an answer which avers facts showing that a lease, though signed by the defendants, was never delivered to them, but was delivered only to their assignee to whom it was assigned at plaintiff's request, sufficiently denies an averment in the complaint of the execution of the lease to the defendants.

Appeal from a judgment of the Superior Court of Kern County.   A. R. Conklin, Judge.

The facts are stated in the opinion.

*C. C. Cogswell,* and *Edward Gray Stetson,* for Appellant.

The court should here give plaintiff's proposed instructions Nos. 3, 4, 13, and 14, for an agent authorized to collect money simply, cannot take anything else in payment. (*Mudgett* v. *Day,* 12 Cal. 139; *Taylor* v. *Robinson,* 14 Cal. 399; Story on Agency, sec. 98; *Williams* v. *Johnston,* 92 N. C. 532; 53 Am. Rep. 428; 94 N. C. 633; Civ. Code, secs. 2306, 2334; 18 Am. & Eng. Ency. of Law, 193, 194; *Hill* v. *Helton,* 80 Ala. 535; *Parsons* v. *Webb,* 8 Greenl. 38; 22 Am. Dec. 220; *Russell* v. *Bangley,* 4 Barn. & A. 395; *Hakes* v. *Myrick,* 69 Iowa, 189; *Young* v. *White,* 7 Beav. 506; *Wilkinson* v. *Holloway,* 7 Leigh, 277;

*McCormick* v. *Keith,* 8 Neb. 142; *McNair* v. *McLennan,* 24 Pa. St. 384.)　The execution of the lease being admitted. the averment of nondelivery amounts to nothing, for "execution" excludes delivery.　(Code Civ. Proc., sec. 1933; *Oneto* v. *Restano,* 89 Cal. 67.)　The averment that defendants never went into possession under the lease is no defense.　(*Pingry* v. *Watkins,* 17 Vt. 379; *Respini* v. *Porta,* 89 Cal. 464; 23 Am. St. Rep. ·488.)　The affirmative defense contradicts the written lease, and the answer does not aver that this affirmative matter was in writing; but such an averment is essential in a plea when a writing is required by law.　(1 Chitty on Pleading, 270; *Wakefield* v. *Greenhood,* 29 Cal. 599; *Hocker* v. *Gentry,* 3 Met. (Ky.) 474; Civ. Code, sec. 1698; *Thompson* v. *Gorner,* 104 Cal. 168; 43 Am. St. Rep. 81; *Bailey* v. *Lane,* 13 Abb. Pr. 354; *Fleury* v. *Roger,* 9 How. Pr. 215; *Plant* v. *Schuyler,* 4 Abb. Pr., N. S., 146; *Ward* v. *McNaughton,* 43 Cal. 159; *Guy* v. *Bibend,* 41 Cal. 323; *Savings etc. Bank* v. *Comp,* 21 How. Pr. 443.) A lessee who signs the lease is bound by the covenants in it.　(*Deane* v. *Caldwell,* 127 Mass. 242.)　And he cannot get rid of his obligations by assignment.　(Taylor on Landlord and Tenant, sec. 438; *State* v. *McCauley,* 15 Cal. 457; Civ. Code, sec. 1457; *Chapin* v. *Brown,* 101 Cal. 500; Dicey on Parties, 76; *Royal* v. *Dennison,* 109 Cal. 558; *Anderson* v. *De Urioste,* 96 Cal. 407; *Pfaff* v. *Golden,* 126 Mass. 402.)

*J. W. Ahern,* and *H. L. Packard,* for Respondents.

BELCHER, C.—The plaintiff brought this action to recover the sum of three hundred and seventy-five dollars, alleged, in two separate counts, to be due for the second installments of rent on two leases executed by plaintiff to defendants on land in Kern county, one tract described as a certain section 20, and the other as the north half of a certain section 7.　Copies of the leases are attached to the complaint, from which it appears that they were both executed April 2, 1892, for the term of one year from February 1, 1892, to February 1, 1893,

and that the rent to be paid on the one first named was four hundred dollars, and on the other three hundred and seventy-five dollars, one-half of each sum being made payable on July 1, 1892, and the other half on October 1, 1892. It further appears that each lease contained the following provision: " And the said parties of the second part do hereby promise and agree to pay to the said party of the first part the said rent herein reserved in the manner herein specified, and not to let or underlet the whole or any part of said premises; . . . . and not to assign this lease without the written consent of the said party of the first part." Indorsed on the last-named lease was an assignment, dated April 2, 1892, and signed by defendants in these words: " For value received, we hereby assign, transfer, and set over to Lizzie K. Masteller all our right, title, and interest in and to the within lease." And following this was another indorsement, signed by Mrs. Masteller; in these words: " I hereby agree to fulfill the terms of the within lease."

The defendants, by their answer, denied that there was any rent due plaintiff from them on the first lease set out, and alleged that they had fully performed all the covenants and conditions therein to be performed by them, and had paid to plaintiff all sums of money mentioned and due from them thereunder. And, as to the second lease, the answer denies that defendants are bound thereby, or that they, or either of them, are indebted to plaintiff in any sum of money, or at all, by reason of said lease. It then, as an affirmative defense, alleges in effect that on April 2, 1892, one Houghton, who was plaintiff's agent in Kern county to lease his lands and collect the rents, had in his hands the draft of the said lease, signed by plaintiff, and in which defendants were named as lessees, but that, as defendants did not want the land, Houghton requested them to sign the lease and then assign it to Mrs. Masteller, and thereby avoid making out a new lease and sending it to San Francisco to be signed by plaintiff, where plaintiff

then had his place of business; and that defendants, to accommodate the plaintiff and Houghton, signed the lease as requested, but never entered on the land or received any benefit therefrom, and that the lease was never delivered to them; and that plaintiff, in the month of July, 1892, knew of said assignment and accepted from Mrs. Masteller the first installment of rent, and ratified the acts of Houghton in so leasing said land.

The case was tried before a jury, and the verdict and judgment were in favor of defendants. From that judgment the plaintiff has appealed, and has brought the case here on the judgment-roll and a bill of exceptions, the appeal being taken within sixty days.

1. At the trial the theory of the plaintiff was that he had never received the second installment of rent on the section 20 lease, two hundred dollars, and that if it was paid by defendants at all it was by a credit of the amount on the personal indebtedness of Houghton to them, and hence did not constitute a payment.

The evidence tended to support this theory, and there was very little, if any, conflict. It is true that Houghton was plaintiff's agent, with authority "to collect the rents under the leases involved in this action," but under this authority he had no right to accept anything but money in payment. (*Mudgett* v. *Day*, 12 Cal. 139; *Taylor* v. *Robinson*, 14 Cal. 399; Story on Agency, 9th ed., sec. 98.)

In accordance with his theory the plaintiff requested the court to give to the jury the following instructions, which were refused and exceptions reserved:

" 3. An agent, who is only authorized to collect rents, has no power to receive in payment anything but money.

" 4. If you believe that W. E. Houghton was only authorized to find tenants for plaintiff's land and collect the rents under leases executed by plaintiff, and that the second installment of rent for section 20 was never paid except by a credit on Houghton's account with the

defendants, such payment does not bind the plaintiff nor discharge the defendants."

These instructions stated the law applicable to the case correctly, and the refusal to give them was clearly error.

2. The theory of plaintiff as to the liability of defendant to pay the rent on the section 7 lease is, that when defendants signed the lease they became obligated to pay the rent stipulated for, and that this obligation was not discharged or affected by the subsequent assignment, whether it was made with or without the consent of plaintiff.

But no obligation on the part of defendants to pay the rent was created or arose until the lease was fully executed, and it was not so executed until it was signed and delivered. (Code Civ. Proc., sec. 1933.)

It is objected, however, that the averment in the complaint, that the lease was "executed" by the plaintiff and defendants, is not met by the affirmative averments in the answer as to the manner and circumstances under which it was signed by defendants, and its due execution must therefore be deemed admitted. But it is not essential that a traverse should be expressed in negative words. An averment in the answer of the contrary of what is alleged in the complaint is equivalent to a denial (*Perkins* v. *Brock*, 80 Cal. 320), and the averments in the answer here are, in our opinion, equivalent to a denial of the execution of the lease.

If, therefore, the facts alleged in the answer be true, and there was evidence tending to sustain them, then the lease was never fully executed by defendants, and they never became obligated by it. This being so, it is unnecessary to consider the very elaborate argument of counsel for plaintiff.

It follows that the judgment should be reversed as to the first cause of action for two hundred dollars, and should be affirmed as to the second cause of action for one hundred and seventy-five dollars.

Britt, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed as to the first cause of action for two hundred dollars, and is affirmed as to the second cause of action for one hundred and seventy-five dollars.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.