[S. F. No. 5196.  In Bank.—March 25, 1912.]

D. J. CANTY, Appellant, v. W. S. STALEY, Substituted in
  the place of Wm. Hersperger, his Predecessor in Interest,
  Respondent.

Consolidated with

D. J. CANTY, Appellant, v. W. S. STALEY, Substituted in
  the place of Samuel Hersperger, his Predecessor in Interest,
  Respondent.

TAXATION—SALE BY STATE AFTER AMENDMENT OF 1905 TO SECTION 3897
  OF POLITICAL CODE—FAILURE TO MAIL NOTICE OF SALE—VOID SALE.
  —A sale by the state of land acquired by it for delinquent taxes,
  which was made after the taking effect of the amendment of March
  1, 1905, to section 3897 of the Political Code, and without the mail-
  ing of a notice of such proposed sale, as required by that amend-
  ment, "to the party to whom the land was last assessed next before
  the sale," if his address was known, is void, notwithstanding the
  proceedings for the sale were initiated prior to the amendment, when
  the statute contained no provision requiring such a notice by mail.

ID.—QUIETING TITLE UNDER VOID TAX-DEED—JUDGMENT FOR DEFEND-
  ANTS—IMMATERIAL OMISSION TO FIND RESPECTING TENDER OF
  TAXES—FAILURE OF EVIDENCE OF PAYMENT.—In an action to quiet
  title by one claiming under a void tax-deed from the state, in which
  the court rendered judgment for the defendant upon evidence estab-
  lishing the invalidity of the plaintiff's deed, the failure of the court
  to find upon certain allegations contained in the defendant's answer
  on the subject of an attempted tender to plaintiff of the amount
  alleged by him to have been expended by him in connection with his
  attempted purchase from the state, is immaterial, where the plaintiff,
  at the trial, offered no evidence showing such expenditures.

APPEALS from judgments of the Superior Court of
Fresno County and from orders refusing a new trial.  H. Z.
Austin, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, Carter & Carter, and Royle A Carter,
for Appellant.

Frank Kauke, for Respondent.

ANGELLOTTI, J.—These are appeals from the judgments in favor of defendants, and from the orders denying plaintiff's motion for a new trial in two actions to quiet plaintiff's alleged title to two parcels of land in Fresno County, which actions were consolidated and tried together.

Plaintiff asserted title under certain tax proceedings based on assessments for state and county taxes for the year 1894, culminating in deed from the state to plaintiff for the property involved. These alleged proceedings were set forth in plaintiff's complaints.

The answers of the defendants sufficiently denied the allegations of plaintiff's complaints to present the questions we shall discuss. They also contained allegations on the subject of an attempted tender, made after the commencement of the action, to plaintiff, of the amount alleged by plaintiff to have been expended by him in connection with his attempted purchases from the state, but the trial court made no finding thereon, no evidence having been introduced in regard thereto, so far as the record shows. Judgment was given in each case denying plaintiff any relief, and decreeing defendant to be the owner of the property involved and quieting his title thereto as against plaintiff.

It was stipulated at the trial "that the title to the real property described in each of the complaints was, at the time of the commencement of each of said actions, vested in each of the defendants therein named respectively . . . unless the same had been divested by the tax-sales and proceedings under which plaintiff claims title."

In the matter of the attempted sales by the state, the facts present the same question that was decided in the recent case of *Buck* v. *Canty, ante,* p. 226, [121 Pac. 924]. Such sales were made on May 5, 1905, the day noticed therefor in the published notice, four days after the legislative act of the year 1905, approved March 1, 1905, amending section 3897 of the Political Code, so as to require notice of such proposed sale by the state to be given by mailing a copy of the notice "to the party to whom the land was last assessed next before the sale if such address be known," went into effect. The deeds from the state affirmatively showed that the only notice of such sales that was in fact given was the notice by publication in a newspaper, and there is no pretense that any other

notice was given. If we assume that evidence *aliunde* would have been admissible in support of the deeds to show that notice by mailing was in fact given, it still remains that no such evidence was offered. For the reason stated in the opinion in *Buck* v. *Canty, ante,* p. 226, [121 Pac. 924], it must be held that the ruling of the trial court refusing to admit in evidence the deeds from the state, based on such sales, one of the specified objections to which was the want of proof of such notice by mail, was correct. Without valid deeds from the state, plaintiff showed no title or interest whatsoever in the land.

In view of what we have said, it is unnecessary to consider any of the numerous other points made in the briefs of learned counsel for plaintiff, save the single one relating to the failure of the trial court to find upon the allegations of the answers relative to tender. As to this, it is sufficient to say that a finding upon this matter would have been altogether immaterial, in view of the conditions shown by the record. There is no evidence tending to show that plaintiff ever expended any sum whatever in this matter, and nothing to indicate that he offered any evidence in this behalf. The allegations in that regard in the complaints were squarely denied by the answers, and the trial court found against plaintiff's allegations. The burden of proof being on plaintiff to show such payments and no evidence at all being introduced on the question, the findings of the trial court thereon cannot be held to be without legal support. Under these circumstances, it is entirely immaterial whether the defendant made any tender of the amounts claimed to have been expended by plaintiff. A finding against the allegations of such tenders could not affect the judgment. We therefore are not here concerned with any question as to the right of a purchaser from the state at a sale of land made by the state on account of unpaid taxes, to insist that as a condition precedent to the granting of equitable relief to the owner on account of some defect in the tax proceedings, he shall be reimbursed the amounts expended by him.

The judgments and orders denying a new trial are affirmed.

Shaw, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.