[L. A. No. 3236.    Department Two.—March 10, 1914.]

## T. G. WATTERSON, Appellant, v. OWENS RIVER CANAL COMPANY (a Corporation), Respondent.

PLEADING—ALLEGATION OF NONPAYMENT OF CONTRACT PRICE—INFEREN-TIAL DENIAL—DENIAL OF CONTRACT.—In an action to foreclose a lien for the contract price of labor performed and materials furnished in the construction of a canal, the allegation of nonpayment contained in the complaint, although not formally denied, is put in issue by an answer which denies the existence of the contract under which the plaintiff charged the liability of the defendant or of any contract whatever between them, or that the labor and materials claimed to have been furnished were of any value.

ID.—TRAVERSE NEED NOT BE PLEADED NEGATIVELY.—In order to constitute a good traverse it is not necessary that it should be expressed in negative terms. It is sufficient if the matters set forth in the answer are contrary to what is charged in the complaint.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

S. E. Vermilyea, Ben H. Yandell, and P. W. Forbes, for Appellant.

Potter & Potter, Wm. J. Clark, and L. C. Hall, for Respondent.

LORIGAN, J.—Plaintiff sued to foreclose a lien for labor performed and materials furnished in the construction and repair of the canal of the defendant. The court found that plaintiff had furnished labor, materials, and supplies in such construction and repair work to the amount of $12,855.39, that defendant had paid plaintiff thereon $2571.42, gave judgment for plaintiff for $10,383.96, and adjudged a lien in its favor on the Owens River Canal.

Plaintiff appeals from the judgment on the judgment-roll alone, claiming that the finding of the payment to plaintiff by defendant of $2,571.42 was outside the issues framed by the pleadings. In this respect he insists that there was no denial

by defendant in its answer of the allegation in the complaint that no part of the price of the labor performed and materials furnished and sued for had been paid by the defendant; that as said allegation was not controverted by the answer the finding of a payment was not within the issues raised by the pleadings, and the court should therefore have given judgment for the sum of $12,855.39, the full value of the work performed and materials supplied.

It is true that there was no formal denial by defendant of the allegation of the complaint as to nonpayment, but this was not requisite. The answer did deny that plaintiff and defendant ever entered into any contract or agreement whereby plaintiff was to perform labor or furnish materials for defendant in the construction or repair of the Owens River Canal; denied that plaintiff performed any labor or furnished any materials upon the canal under any agreement or contract with defendant or at its request, or otherwise; and denied that the work and materials alleged to have been furnished to the defendant were of any value whatever, and denied that anything was due and owing plaintiff.

While in these denials are found nothing in direct terms negativing the allegation of nonpayment of the alleged contract price, still it does deny the existence of the contract under which the plaintiff charged the liability of the defendant or of any contract whatever between them, or that the labor and materials claimed to have been furnished were of any value. The liability of the defendant for payment depended on the existence of an agreement between plaintiff and defendant. Certainly if there was no contract or agreement between them there was no liability on the part of defendant, and, hence nothing to be paid. The denial of the existence of such a contract which was the foundation of plaintiff's action was inconsistent with the allegation in the complaint of nonpayment because if there was no contract, then there was nothing to be paid. The rule is that it is not necessary in order to constitute a good traverse that it should be expressed in negative terms. It is sufficient if the matters set forth in the answer are contrary to what is charged in the complaint. When this appears it is equivalent to an ordinary denial. (*Stetson* v. *Riggs,* 114 Cal. 515, [46 Pac. 603] ; *County of San Luis Obispo* v. *Gage,* 139 Cal. 401, [73 Pac.

174].) This is what the averments in the answer of the defendant amount to.

The judgment appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.