[Civ. No. 2461. First Appellate District.—May 16, 1918.]

BRADLEY COMPANY (a Corporation), Appellant, v. EMMA R. BRADLEY, Respondent.

TRUST — REPUDIATION — USE OR OCCUPATION OF PROPERTY WITHOUT CHARGE—TRUSTEE NOT ENTITLED.—A trustee who fraudulently refuses to reconvey property to its legal owner, and who repudiates the trust, is not entitled to use or occupy any part of the trust property free of charge.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Stoney, Rouleau & Stoney, and Orville C. Pratt, Jr., for Appellant.

Charles Baer, for Respondent.

KERRIGAN, J.—In this action plaintiff sought to have the defendant declared an involuntary trustee for the plaintiff

of certain real property described in the complaint, and to compel a conveyance thereof to the plaintiff, and an accounting for its rents and profits since February 28, 1910.

On the main issue in the case judgment went in favor of the plaintiff, ordering in its favor a conveyance of the property. Defendant appealed therefrom, and said judgment has this day been affirmed by this court. Plaintiff also took an appeal from said judgment, being dissatisfied with that portion thereof which, as the result of the accounting had, awarded to the defendant the sum of $800.21, and gave to her a lien upon the real property for that amount, and this is the appeal which is now before us.

The sole point made by plaintiff is that this provision of the judgment is not supported by the findings.

Summarized, the findings show that prior to February 28, 1910, the defendant held the property described in the complaint in trust for the plaintiff; that on that date she repudiated her trust; that since that time down to June 18, 1915, when the court's decision was made and filed, she had received as rents for the property certain sums of money, and had made various disbursements on account thereof, with which she was duly debited or credited; that aside from the collection of these rents by her she had during the period mentioned occupied and used a flat constituting part of the real property, and that the reasonable value of such use and occupation was the sum of one thousand six hundred dollars. The court, however, in its conclusions of law, did not charge her with this one thousand six hundred dollars.

In this regard, we think, the court committed an error as a matter of law, and that the judgment, instead of awarding to the defendant as the result of the account so taken the sum of $800.21, should, upon the findings in favor of the plaintiff, have decreed the payment to it by the defendant of the sum of $799.79.

It would seem to be too clear to require the citation of authority that a trustee, who "fraudulently refuses" to reconvey property to its legal owner and who repudiates the trust, is not entitled to use or occupy any part of the trust property free of charge; but if the citation of authority be deemed necessary, see *Fricker* v. *Americus Mfg. Co.*, 124 Ga. 165, [52 S. E. 65] ; secs. 2273, 2275, Civ. Code.

Defendant does not controvert this as a correct statement of a legal principle, but contends that plaintiff is not in a position to avail itself of this rule of law on the face of the record. There is no merit in her contention in this behalf that the findings relied upon by plaintiff are of probative facts. They are true ultimate facts. It is clear from these findings, which are quite full, that the court struck an erroneous balance by failing to charge the defendant with the rental value of over five years of that part of the trust property which she occupied in defiance of and to the exclusion of plaintiff.

It appearing from the face of the record that the court committed error in not charging the defendant with the amount which it found to be the value of her use and occupation of part of the premises, and that the error is susceptible of correction by this court without requiring a new trial of the issues, it is ordered that the judgment appealed from be modified in the following particulars, namely, that the conveyance to the plaintiff ordered by the judgment shall be made free and clear of any lien in favor of the defendant; that the portion of said judgment which decrees that the defendant owes nothing to plaintiff and that the plaintiff is indebted to the defendant in the sum of $800.21 shall be stricken out, and that said judgment shall provide that the plaintiff shall recover from the defendant the sum of $799.79. As thus modified the judgment is affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.