[Civ. No. 671.   Fourth Appellate District.—April 27, 1933.]

ROSARIO TROZERA et al., Respondents, v. ALEXANDER FRANKLIN McDONELL et al., Appellants.

474

John F. Poole for Appellants.

David W. Richards and Donald P. Mayhew for Respondents.

VAN ZANTE, J., *pro tem.*—This is an action to quiet title to certain real property in Riverside County. Judgment was rendered in favor of plaintiffs, and defendants have brought this appeal on a bill of exceptions.

Defendants contend that the judgment should be reversed on the ground that the tax proceedings had were defective and, therefore, the deed based thereon is invalid. Plaintiffs contend that the defendants in their answer

to their complaint have not raised an issue and that, therefore, it is immaterial whether there was sufficient, or any, evidence to support the findings. We cannot agree with this contention. The particular portion of the complaint to which they refer reads as follows: "That plaintiffs are now and their predecessors in interest have been for more than five years last past the sole and exclusive owners in fee and in possession of all that certain real property situate in the county of Riverside, state of California, and particularly described as follows, to wit": (Then follows a particular description of the property involved.)

The particular portion of the answer to which plaintiffs refer reads as follows: "Deny that plaintiffs are now or their predecessors in interest have been for more than five years last past, or at all, the sole or exclusive owners in fee or in possession of all that certain real property situate in the county of Riverside, state of California, and particularly as follows, to wit:" (Then follows the same description of the same property.) Evidently plaintiffs have overlooked another portion of the answer, which reads as follows: "Admit that these defendants and each of them claim an interest and estate in or to said real property hereinabove described adverse to the plaintiff, but denies that said claims are and each of them is without right. Deny that these defendants have no right, title, interest or estate in or to the lands hereinabove described, or any part thereof. Allege that these defendants are the fee simple owners thereof."

Even though we concede that the first portion of defendants' answer quoted is too literal and evasive, the latter portion quoted is certainly sufficient to raise an issue, and consequently, it would require evidence to support the findings. "But it is not essential that a traverse should be expressed in negative words. ▮ An averment in the answer of the contrary of what is alleged in the complaint is equivalent to a denial (*Perkins* v. *Brock*, 80 Cal. 320 [22 Pac. 194], and the averments in the answer here are, in our opinion, equivalent to a denial of the execution of the lease." (*Stetson* v. *Briggs*, 114 Cal. 511, at 515 [46 Pac. 603, 604].) "It may be said generally, that any allegation in an answer which, if found to be true, necessarily shows that the allegation of the complaint as to the same matter is untrue,

is a good traverse, and sufficient as a denial." (*Burris* v. *People's Ditch Co.*, 104 Cal. 248, at 253 [37 Pac. 922, 923]. See, also, *Watterson* v. *Owens River Canal Co.*, 167 Cal. 370 [139 Pac. 804].)

We find the following stipulation in the bill of exceptions: "It was thereupon stipulated by plaintiffs and defendants that the fee title unless divested by the aforesaid tax deeds and proceedings were in the defendants Judson and McDonell as to their respective pieces of property."

Defendants contend that the notice of sale is defective as to the Judson property in that the penalties and costs are not separately stated. The Judson property consists of three parcels described in the notice of sale. The wording as to each parcel (except the description and amount) is the same. The notice of sale as to the first parcel reads in part as follows:

```
"Taxes of 1905 ...............................$  .70
  Penalties and costs on delinquent roll ............  .59
  Interest at 7% per annum from July 1, 1906 ....  .83
                                                      ————
                                                      $2.12
  TOTAL  TAXES  ...............................$  .70
  TOTAL PENALTIES ON DELINQUENCY AND COSTS....  .59
  TOTAL INTEREST  ..............................  .83
  Advertising this notice .......................  13.33"
                                                      ————
```

We think that by reason of the fact that the penalties and costs are not separately stated, the tax deed based thereon is void as to each of the three parcels. "In the notice of sale under section 3897 of the Political Code, the penalties and costs were commingled in one item amounting to $1.12. The code requires, among other things, that the notice 'shall also contain a detailed statement of all the delinqent taxes, penalties, costs, interest, and expenses up to the date of such sale.' Respondents contend that it was necessary to state each of these items separately and that the penalties and costs could no more be embraced in one item than could all of the items have been so stated. . . . It is true the owners could readily have ascertained the amount of these items though stated in one amount. So might it be said they could have figured out all the items separately had they been grouped as one. But the law

required a 'detailed statement of all the delinquent taxes, penalties, interest and expenses'. It was as necessary to state the penalties and costs separately as it was to state all the delinquent taxes or of interest or of advertising the notice. It was said, in *Campbell* v. *Canty*, 12 Cal. App. Dec. 373: 'Whatever the provision is it must be complied with strictly; this is one of the most important of all safeguards that have been deemed necessary to protect the interests of persons taxed and nothing can be substituted for it or secure the failure to give it.' It was also said in that case, quoting from Black on Tax Titles, sections 205–207, 'it is held in all of the states that the giving of notice *in the manner and form* prescribed by the statute is an essential jurisdictional fact'. Not only is the giving of notice of the sale essential, but it must be such notice as the statute prescribes." (*Cordano* v. *Kelsey*, 28 Cal. App. 9, at 19 [151 Pac. 391, 395, 398]. See, also, *Gottstein* v. *Kelly*, 206 Cal. 742 [276 Pac. 347].)

Defendants also contend that the notice of sale as to the McDonell property is defective in that the word "cost" is omitted from the delinquent tax list. This tax list reads in part as follows:

"DELINQUENT TAX LIST.

No.                         TOTAL TAX AND PENALTIES.

18903 Baker Hardware Co.                $

     S. 32 acres of lot 4, less 2 acres

     to school, section 7, twp. 2

     south, range 3 west, 30 acres.................3.07"

We think that the tax deed is void by reason of this omission. " 'In the case of *Bussenius* v. *Warden*, 71 Cal. App. 717, 722 [236 Pac. 371], it was held that the requirement of section 3764 of the Political Code, as amended in 1913 (Stats. 1913, p. 556), that the delinquent list to be published by the tax collector must contain the names of the persons and a description of the property delinquent, and "the amount of taxes, penalties, and costs due", is not complied with where the tax list sets forth the amount due as taxes and costs, but fails to set forth the amount due for penalties; and that a subsequent tax deed predicated upon such defective notice is void. To the same effect is *Snodgrass* v. *Errengy*, (Bell) 86 Cal. App. 664 [261 Pac.

497]. The word "penalty" is not synonymous with the word "percentage"; from which it would follow that if the principle announced in the last two cited cases is correct, the notice of sale was insufficient; with the ultimate result that the deed upon which appellant relies was of no validity and conveyed no title to him. Since the plaintiff was legally possessed of no title to the property in question, he is in no position to complain of the relief which was granted to defendant in quieting his title thereto. In the case of *Canty* v. *Staley,* 162 Cal. 379 [123 Pac. 252, 255], may be found the statement that "parties who purchase property at tax sales acquire the title to the property if all the proceedings for the levy of the taxes and the sale are regular and in strict conformity to law; but, if not so, they acquire no rights to the property which either a court of law or equity can enforce". (Citing authorities.)' " (*Gottstein* v. *Kelly,* 206 Cal. 742, at p. 748 [276 Pac. 347, 350].)

Counsel have called our attention to several other irregularities in the tax proceedings, but we deem it unnecessary to consider these any further.

Finally, plaintiffs claim ownership of the property involved herein through adverse possession. We think plaintiffs are estopped by the above stipulation from claiming adverse possession. Furthermore, there is no evidence in the record to show any possession or occupancy of the property on the part of the plaintiffs.

Judgment reversed.

Barnard, P. J., and Marks, J., concurred.