[Civ. No. 9969.   First Appellate District, Division One.—December 18, 1936.]

LEONA ISABEL CHOVIN, Respondent, v. JOAQUIN P. MIRANDA, Appellant.

James C. Purcell, William E. Ferriter, Joseph E. Isaacs and Alan H. Critcher for Appellant.

Albert Picard and Francis McCarty for Respondent.

GRAY, J., *pro tem.*—Respondent Leona Isabel Chovin recovered a judgment against appellant Joaquin P. Miranda and her husband, Arnold Chovin, individually and as copartners for the unpaid balance of rent reserved in a written lease. The lease demised a garage to the copartners for a term of ten years at a total rental of $48,000 payable in monthly instalments of $400 each. It acknowledged the receipt, as security, of $1600, which was to be applied in payment of the rent accruing during the last four months of the term and upon which respondent agreed to pay interest at the rate of 4 per cent per annum. At the trial appellant conceded the signatures of the parties to the lease but denied its delivery. Upon this appeal he raises the same question of delivery by claiming that the court erred in denying his motion for a nonsuit and that the evidence is insufficient to support a finding of delivery. ▮ The lease took effect upon its delivery to the copartners. (Civ. Code, sec. 1626.) Although they had signed the lease they never became obligated to pay rent unless it was delivered to them. (*Davidson* v. *Ellmaker,* 84 Cal. 21 [23 Pac. 1026] ; *Stetson* v. *Briggs,* 114 Cal. 511 [46 Pac. 603] ; *Feigenbaum* v. *Aymard,* 71 Cal. App. 713 [236 Pac. 156] ; *Burgess* v. *Doran,* 86 Cal. App. 659 [261 Pac. 519].)

Respondent alone testified in her case in chief. When she rested upon her own testimony appellant moved for a nonsuit upon the ground that her testimony affirmatively showed that she had retained possession of the lease and had never delivered it to the copartners. His motion having been denied, he assigns such denial as error. Thereafter he alone testified in his own behalf. In rebuttal respondent called her husband who corroborated her previous testimony. If respondent's testimony was sufficient to support a finding that the lease was delivered, the motion for a nonsuit was properly denied. Hence it will be necessary to consider only the sufficiency of her testimony to support such finding.

■ The court found that the parties executed the lease. "The execution of an instrument is the subscribing and delivering it . . . " (Code Civ. Proc., sec. 1933.) A finding that a lease was executed will be construed to include its delivery. (*Oneto* v. *Restano,* 89 Cal. 63 [26 Pac. 788].) Appellant claims respondent's testimony is insufficient to support a finding of delivery. She testified that she retained possession of the lease after it was signed because the copartners, although frequently requested to do so, never paid her the sum of $1600, the receipt of which was acknowledged in the lease. ■ Retention of a lease by the lessor is not conclusive evidence of its nondelivery; if such retention is with the consent of the lessee, it must be considered as delivered if the parties understand it has been executed and is in operation. (*Oneto* v. *Restano, supra.*) In *Jarrett* v. *Norton,* 66 Cal. App. 281 [225 Pac. 868], a lease was held to have been delivered where, after the parties had signed it, the lessor, by mutual agreement, retained it because of the lessee's nonpayment of money due as therein provided upon its execution and delivery, but the lessee entered into possession of the demised premises. ■ A lease may become operative upon its subscription without manual delivery if the parties so intend. (*Aladdin Co.* v. *Gregory,* 102 Cal. App. 272 [282 Pac. 1019].)

■ It is undisputed that the copartners, after the parties had signed the lease, took and retained possession of the garage for twenty-one months, and that they paid monthly as rent the following sums: $394.67 for the first four months, $250 for the next five months, $400 for one month, $250 for the next three months and $275 for the last eight months. Respondent testified that she, as bookkeeper for the copartners, drew the checks for rent but that both copartners signed them. She further related conversations with appellant on the occasions when the amount of payment was changed, in which it was clearly understood that the payments were made and received on account and not in satisfaction of the rent due. Her claim that the payments were made on account of the rent reserved in the lease is corroborated by the entries on the check stubs and the carbon copies of the receipts given by her. Although appellant claims never to have seen the stubs, the evidence shows that he had access to them and on occasion had taken them home for audit by his

daughter. Respondent further testified that each copartner, in response to several demands for payment of the deposit, promised to pay his share as soon as he could obtain the money. Such testimony warranted the court in concluding that the copartners' possession of the garage and their payment of rent evidenced the parties' intention to consider the lease operative and in effect and therefore supported its finding that the lease was delivered.

■ Appellant contends that the judgment must be reversed for the failure to find on issues raised in an action between the copartners for an accounting which he claims was consolidated with the present action for rent. But the record fails to disclose any such consolidation or error in such omission of findings. The remark of respondent's counsel in his opening statement that the actions had been consolidated is insufficient to establish that fact. The record does not contain any such order. The pleadings in the accounting action are also absent and so it is impossible to determine its issues. The transcript of evidence contains no evidence that has anything to do with an accounting between the copartners. The record presented by appellant fails to show that the accounting action was ever tried.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1937.